IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN MCWHORTER,<br>No. 08194-025 | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | )   Case No. 13-cv-01303-DRH<br>) |
| LISA MADIGAN, | )<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Kevin McWhorter is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. In 2009, McWhorter pled guilty to conspiring to manufacture and distribute methamphetamine, and he was sentenced to a 240-month term of imprisonment. *United States v. McWhorter*, No. 09-CR-30046-JPG (S.D. Ill. Nov. 23, 2009). McWhorter has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his 2001 and 2002 Shelby County, Illinois, convictions for manufacturing a controlled substance and unlawfully possessing a controlled substance, which were used to enhance his 2009 federal sentence (*People v. McWhorter*, 01-CF-63 (Shelby Co. Cir. Ct., July 2, 2001); *People v. McWhorter*, 02-CF-87 (Shelby Co. Cir. Ct., Sept. 13, 2002)).

Both state sentences have been served. McWhorter's 2012 motion to vacate those convictions was denied in the Circuit Court, and a subsequent appeal was

dismissed. *See People v. McWhorter*, No. 5-12-0417 (Ill.App. 5th Dist. Jan. 7, 2013). It appears that leave to appeal was not sought from the Illinois Supreme Court.

Citing *Lackawana County Dist. Attoeney v. Coss*, 532 U.S. 394 (2001), petitioner McWhorter argues that his Section 2254 petition attacking his expired or discharged state convictions can be considered based on the rare exception to the general rule of finality that allows expired convictions that were used to enhance a sentence to be challenged when the convictions were the product of a violation of the principles of *Gideon v. Wainwright*, 372 U.S. 335 (1963) and the Sixth Amendment right to counsel. *See also Custis v. United States*, 511 U.S. 485 (1994); *Daniels v. United States*, 532 U.S. 374 (2001); *Jackson v. Miller*, 260 F.3d 769, 773-74 (7th Cir. 2001). According to the petition, McWhorter was denied counsel altogether and railroaded into pleading guilty in 2001, and again in 2002.

In order to get around his obvious procedural default, McWhorter cites *Grigsby v. Cotton*, 456 F.3d 727 (7th Cir. 2006) for the proposition that a Section 2254 may be used to challenge an expired state conviction based on a *Gideon* violation and *Lackawanna*. *Martinez v. Ryan*, __U.S.__, 132 S.Ct. 1309 (March 20, 2012), is also cited for the proposition that inadequate assistance of counsel in an "initial review collateral proceeding" can be cause for excusing a procedural default.

Even the preliminary question of whether Section 2254 or Section 2255 is the appropriate vehicle for McWhorter's challenge—let alone the merits of the petition—cannot be determined upon preliminary review. *Daniels* indicates that a federal prisoner can use Section 2254 (*see* 532 U.S. at 382), while *Johnson v. United States*, 544 U.S. 295, 301 n. 3 (2005), suggests that Section 2255 may be used when the *Gideon* exception applies. Further complicating matters, McWhorter's plea agreement contains a waiver of his right to contest any aspect of his federal sentence that could be challenged under Title 28, *except* the "reasonableness" of the sentence (No. 09-CR-30046-JPG, Doc. 20, p. 11). For these reasons, the Court concludes that the petition survives preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Of course, which statutory vehicle is appropriate will dictate the proper respondent. At this juncture, the Attorney General of Illinois is a proper respondent.

**IT IS HEREBY ORDERED** that respondent Illinois Attorney General Lisa Madigan shall answer the petition or otherwise plead on or before **February 10, 2014**.[1] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau,

---

[1] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 15th day of January, 2014.

Digitally signed by David R. Herndon
Date: 2014.01.15 12:03:02 -06'00'

**Chief Judge**
**United States District Court**