IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN McWHORTER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 13-cv-1303-DRH-CJP |
| | ) |
| **LISA MADIGAN,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

This case presents the rare instance where an inmate in the custody of the Bureau of Prisons can bring a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

In 2009, petitioner Kevin McWhorter pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine in this District. *U.S. v. McWhorter*, Case No. 09-30046-JPG. He was sentenced to 240 months imprisonment, and is presently in the custody of the Bureau of Prisons on that sentence. His federal sentence was enhanced based on a prior state conviction for manufacturing methamphetamine, Case No. 01-CF-63, Shelby County, Illinois. Petitioner also had a second drug conviction in Shelby County, Illinois, in 2002, but the Government elected not to pursue enhancement based on the 2002 conviction. See, Notice of Government's Intent to Seek Enhanced Sentence, Doc.

12, Ex. 1, p. 21, and Plea Agreement, Ex. 1, p. 28.[1]

Petitioner argues that both of his state drug convictions were unconstitutionally imposed because he was not advised of his right to appointed counsel.

## Relevant Facts and Procedural History

McWhorter pleaded guilty to one count of unlawful manufacture of methamphetamine in Shelby County, Case No. 01-CF-63, on July 2, 2001. Pursuant to a plea agreement, he was sentenced to three years imprisonment on that same day. He appeared without an attorney, but the judge informed him that he had a right to be represented by an attorney, and that, if he could not afford an attorney, the judge would appoint the public defender to represent him. He waived counsel. Doc. 12, ex. 1, pp. 3-4.

Petitioner did not move to withdraw his plea or file an appeal in state court. In his habeas petition, he claims to have filed a motion to vacate in 2003, asserting that he had not been appointed counsel. See, Doc. 1, pp. 2-3, ¶ 11. According to the docket sheet for the 2001 Shelby County case, McWhorter did not file anything in 2003 in that case. Ex. 1, pp. 47-48. In March 2003, McWhorter filed an affidavit in the 2002 case. Doc. 1, p. 65. The affidavit complained that the IDOC was not giving him six months of good conduct time and school credit that he had earned. The affidavit did not mention anything about a lack of counsel at this plea. Ex. 1, pp. 72-73.

---

[1] The Court uses the document and page numbers assigned by the CM/ECF filing system in this case.

In November 2009, petitioner was sentenced to 240 months imprisonment in his federal case, *U.S. v. McWhorter*, Case No. 09-30046-JPG. *See*, Judgment, Ex. 1, pp. 40-45. He did not file a direct appeal. He filed a motion under 28 U.S.C. §2255 in January 2012, but then filed a motion to voluntarily dismiss, which was granted. *McWhorter v. U.S.*, Case No. 2-089-JPG, Doc. 3.

In June 2012, McWhorter filed Motions for Writ of Error Coram Nobis in both of his Shelby County cases. Ex. 1, p. 76. The judge denied the motions by minute entry because the "form of relief sought by defendant has been abolished." Ex. 1, p. 66.

In August 2012, McWhorter filed a motion to vacate the judgment in both of his Shelby County cases. Ex. 1, pp. 53, 83. With respect to the 2001 case, he alleged that he did not waive appointment of counsel. He stated "The Court never made any admonishments regarding defense counsel [and] the Court never advised the cause and nature of the charged offense." Ex. 1, p. 54, ¶5.

An August 31, 2012, note on the court's docket sheet for Case No. 01-CF-63 says "see 02-CF-87." On the docket sheet for the 2002 case, on that same date, the judge denied the motion to vacate by minute entry because the motion was untimely and the court had no jurisdiction to grant the relief requested. Ex. 1, pp. 66-67.

McWhorter filed a notice of appeal. Ex. 1, p. 58. The Office of the State Appellate Defender was appointed to represent him. Ex. 1, p. 62. On November 29, 2012, the Appellate Court entered a show cause order granting McWhorter's

counsel fourteen days in which to "show cause why the defendant has not waived his right to a direct appeal for failing to file a timely 604(d) motion." The order pointed out that, under state rules, no appeal could be filed from a judgment entered on a guilty plea unless the defendant had filed a motion to withdraw the plea (a "604(d) motion") within thirty days of the imposition of sentence, which McWhorter had not done. The court stated "Since defendant did not file a timely 604(d) motion, he has waived his right to a direct appeal." The State Appellate Defendant filed a "no response letter." The Appellate Court then dismissed the appeal "for the reasons set forth in this court's 11/29/12 show cause order." Ex. 1, pp. 94-98.

Respondent represents that she has confirmed that McWhorter did not file a petition for leave to appeal in the Illinois Supreme Court. Doc. 11, p. 4. In Doc. 1, p. 2, ¶9(e), petitioner states that "Court would not file appeal since no decision on the merits was issued in the Court of Appeals." At page 9 of his habeas petition, McWhorter states that the "Illinois Supreme Court would not accept filing of an appeal since no decision on the merits was rendered by the Court of Appeals."

### Applicable Legal Standards

1. **Availability of 28 U.S.C. §2254**

Generally, the validity of a fully-expired sentence cannot be challenged by way of a petition under 28 U.S.C. §2254. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to

pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna County District Attorney v. Coss*, 121 S. Ct. 1567, 1574 (2001). This remains true even if the prior conviction is later used to enhance another sentence. There is, however, an exception to the general rule. A §2254 petition may be brought to "challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)." *Ibid.* In such a case, the petitioner must satisfy "the procedural prerequisites for relief including, for example, exhaustion of remedies." *Lackawanna*, 121 S. Ct. at 1567.

*Lackawanna* involved a state prisoner whose current sentence had been enhanced by a prior state conviction. Here, in contrast, the petitioner is a federal prisoner whose current sentence was enhanced by a prior state conviction. However, it appears that the rule of *Lackawanna* applies to allow a federal prisoner such as McWhorter to challenge his expired state conviction under §2254. See, *Johnson v. United States*, 125 S. Ct. 1571, 1578 (2005), noting that a federal prisoner "could proceed under §2255 after successful review of the prior state conviction on federal habeas under §2254 or favorable resort to any postconviction process available under state law."

2. **Procedural Prerequisites of 28 U.S.C. §2254**

28 U.S.C. §2244 creates a one-year limitation period for filing a petition for

writ of habeas corpus. Under 28 U.S.C. §2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state postconviction petition. 28 U.S.C. §2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

A habeas petitioner must also clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies

and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999), see also 28 U.S.C. §2254(c). Under the Illinois two-tiered appeals process, habeas petitioners must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 843-846.

## Analysis

The Court first notes that petitioner's federal plea agreement included a waiver of the "right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the defendant reserves the right to appeal the reasonableness of the sentence." Doc. 12, Ex. 1, p. 34. Such waivers are generally enforced, subject to certain narrow exceptions not at issue here. *United States v. Smith*, 759 F.3d 702 (7th Cir. 2014). The waiver almost certainly precludes this action. However, because respondent mentions it only in passing and because it is clear that McWhorter is not entitled to relief on substantive grounds, the Court will not rely

on the waiver here.

McWhorter alleges three grounds for habeas relief, only one of which is cognizable here. His first ground is that "I was convicted without the assistance of counsel; I did not waive counsel, and was not advised I could be appointed counsel." Doc. 1, p. 4. The second ground is that the Appellate Public Defender did not file anything in response to the Illinois Appellate Court's order to show cause why his appeal should not be dismissed. The third ground is that petitioner believes that he was guilty of only misdemeanor charges, rather than the state felonies to which he pleaded guilty.

The second and third grounds are not possible bases for habeas relief. *Lackawanna* permits challenging an expired sentence only by bringing a *Gideon* claim, that is, a claim that appointed counsel was denied to an indigent defendant. *Lackawanna,* 121 S. Ct. at 1574.[2] A *Gideon* claim does not encompass other Sixth Amendment claims such as ineffective assistance of counsel or involuntariness of the plea. *Custis v. United States*, 114 S. Ct. 1732, 1738 (1994). See also, *Lackawanna*, 121 S. Ct. at 1574, citing *Custis* and noting that the failure to appoint counsel for an indigent defendant is a "unique constitutional defect" which "warrants special treatment." Therefore, to the extent that the second ground can be interpreted as a claim of ineffective assistance of counsel, the claim is foreclosed. *Lackawanna* "recognized a single exception: a petitioner

---

[2] *Lackawanna* suggested, but did not decide, that habeas review of an expired state sentence might also be available in situations where federal habeas review "may effectively be the first and only forum available for review of the prior conviction." *Lackawanna*, 121 S. Ct. at 1575. Because state court review was available here, it is not necessary to consider this possibility further.

may challenge an enhanced sentence when it is based on a previous conviction that was obtained in violation of *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which announced the Sixth Amendment right to counsel." *Grigsby v. Cotton*, 456 F.3d 727, 730 (7th Cir. 2006). A habeas petition attacking an expired sentence on a basis other than a *Gideon* claim should be dismissed. *Martin v. Deuth*, 298 F.3d 669, 672 (7th Cir. 2002). The third ground, actual innocence, has not been declared by the Supreme Court to be a freestanding ground for habeas relief. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013).

Respondent asserts two procedural issues, that is, that the petition is not timely and that petitioner's *Gideon* claim is procedurally defaulted. Arguably, his second and third grounds for habeas relief assert matters that go to equitable tolling of the statute of limitations and cause for procedural default. Because it is clear that McWhorter's *Gideon* claim is baseless, the Court will go directly to the substantive issue without first resolving issues of timeliness and procedural default. "It makes sense to tackle the merits first when they are easy and the limitations question hard, just as it makes sense (and is permissible) to reject a collateral attack on the merits while other procedural defenses, such as waiver, default, or lack of exhaustion, remain in the background. 28 U.S.C. § 2254(b)(2)." *Estremera v. U.S.*, 724 F.3d 773, 775 (7th Cir. 2013).

The transcript of the plea and sentencing hearing on the 2001 state charge, located at Doc. 12, Ex. 1, pp. 1-10, establishes that the factual allegations set

forth in petitioner's first ground are not true.

During that hearing, the judge informed McWhorter of the nature of the charges against him and of the possible range of punishment. McWhorter said that he understood both. Ex. 1, p. 3. The judge also informed him of his right to appointed counsel:

> You are here without a lawyer today. The state has indicated a possible plea agreement, but I want to explain to you that you do have a right to have an attorney. If you want time to consult with a private attorney, I would give you time to do that. If you couldn't afford to hire one, I would appoint the public defender to represent you if that was your request. Do you wish to be represented by an attorney?

Ex. 1, pp. 3-4.

McWhorter answered, "No, [Y]our Honor. I am well aware of the statutes containing these acts." Ex. 1, p. 4.

The judge also advised McWhorter that he had a right to appeal, and that he would have to file a motion to withdraw his plea within thirty days in order to file an appeal. The judge told him that, if he needed the assistance of counsel to file a motion to withdraw his plea, an attorney would be appointed at no cost to him. Ex. 1, pp. 8-9.[3]

Because the judge advised McWhorter of his right to counsel and that the judge would appoint counsel for him if he could not afford to hire a lawyer, McWhorter's substantive *Gideon* claim fails.

In a memorandum of law attached to his petition, McWhorter argues that

---

[3] The state court judge similarly advised McWhorter of his right to counsel and to the availability of appointed counsel in the 2002 case. Ex. 1, pp. 13, 18. Because the 2002 conviction was not used to enhance petitioner's federal sentence, the Court will not discuss the 2002 hearing in any detail.

he was not made aware of the dangers and disadvantages of proceeding pro se, as required by *Faretta v. California*, 95 S.Ct. 2525 (1975).  Doc. 1, pp. 13-14. However, *Faretta* concerns the information that must be communicated to a defendant in order to enable him to waive the assistance of counsel for trial.  A lesser admonition is needed for an intelligent and knowing waiver of counsel in connection with a guilty plea.  "In the context of a guilty plea, a trial court must inform a defendant 'of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea.'"  *United States v. Feliciano*, 498 F.3d 661, 665 (7th Cir. 2007), citing *Iowa v. Tovar*, 124 S.Ct. 1379, 1383 (2004).

In his reply, petitioner cites *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010), and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), for the uncontroversial proposition that a defendant is entitled to the effective assistance of competent counsel in the plea bargaining process.  Doc. 18, pp. 2-3.  Those cases do not, as petitioner suggests, hold that a defendant cannot validly waive the advice of counsel in connection with a guilty plea.  In fact, those cases are not relevant here at all because they do not involve a waiver of counsel.  Petitioner also suggests that he was pressured into waiving counsel by the judge's statement that he "would be happy to consider that [plea agreement] this morning, but if I do that, you are giving up your right to have an attorney and consult with one."  Doc. 18, p. 3.  However, the judge made that remark at the hearing on the 2002 conviction.  Ex. 1, p. 13.  The 2002 conviction was not used to enhance petitioner's federal sentence, so any possible

defect in that conviction is not at issue here. Further, petitioner testified at the 2002 hearing, as he did at the 2001 hearing, that no one had threatened him or made him any promises to obtain his plea, and that his plea was voluntary. Ex. 1, p. 17.

In short, the state court transcript refutes petitioner's claim. He was advised of his right to appointed counsel, and he waived that right. McWhorter cannot demonstrate that his 2001 conviction violated *Gideon*.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." See, *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

Here, no reasonable jurist would find it debatable whether this Court's rulings on the constitutional issues were correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Kevin McWhorter's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Signed this 15th day of September, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.09.15
15:14:01 -05'00'

**United States District Judge**

## Notice

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the dismissal or denial of his petition, petitioner must obtain a certificate of appealability from the court of appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.