## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEVIN McWHORTER,**

        **Petitioner,**

**vs.**                          **Civil No.   13-cv-1303-DRH-CJP**

**LISA MADIGAN,**

        **Respondent.**

### ORDER

**HERNDON, District Judge:**

Pending before the Court is petitioner Kevin McWhorter's motion for a certificate of appealability (Doc. 23) in relation to the Court's denial of his motion to alter or amend judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 59(e) (Docs. 21, 22). Based on the record and the following, the Court declines to issue a certificate of appealability.

As with section 2254 petitions, motions under Rule 60(b) or 59(e) require a certificate of appealability to appeal. *See West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007) (appeal of Rule 60(b) motions in habeas cases require certificate); *see also Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 53–54 (2d Cir. 2006) (certificate required for appeal from Rule 59(e) motion where underlying judgment is of habeas petition). A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (*citing Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

In his Rule 59(e) motion, McWhorter argued the Court committed error when it failed to hold an evidentiary hearing with regard to the claim that the prior state-court conviction used to enhance his federal sentence was obtained in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (failure to appoint counsel). In denying the motion, the Court concluded that, even assuming the petitioner could establish diligence in his attempt to develop the record, he was not entitled to an evidentiary hearing because the record conclusively demonstrated that he was not entitled to relief.

The Court has reviewed the record and the order denying the Rule 59(e) motion. The Court finds no basis for a determination that the decision was

debatable or incorrect. Accordingly, the motion for a certificate of appealability is

**DENIED**.

      **IT IS SO ORDERED.**

Signed this 18th day of October, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.10.18
15:22:42 -05'00'

                **United States District Judge**